DORSEY & WHITNEY LLP
MICHAEL DRYSDALE (MN #0257606) *admitted pro hac vice*
SUITE 1500, 50 SOUTH SIXTH STREET
MINNEAPOLIS, MN 55402-1498
 (612) 340-2600

DECONCINI MCDONALD YETWIN & LACY, P.C.
LISA ANNE SMITH (AZ #16762)
TUCSON, AZ 85716-5300
(520) 322-5000

Attorneys for Defendant-Intervenor Uranium One U.S.A., Inc.


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

PRESCOTT DIVISION

| | | |
|---|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY; GRAND CANYON TRUST; and SIERRA CLUB, | ) ) ) ) ) ) | Case No.    08-08117 PCT-NVW |
| Plaintiffs, | ) ) | |
| vs. | ) ) ) | **DEFENDANT-INTERVENOR URANIUM ONE'S RESPONSE TO MOTION TO JOINT MOTION FOR DISMISSAL** |
| KEN SALAZAR, Secretary of the Interior; U.S. DEPARTMENT OF THE INTERIOR; and U.S. BUREAU OF LAND MANAGEMENT, | ) ) ) ) | |
| Defendants, | ) ) ) | |
| QUATERRA ALASKA, INC. | ) ) | |
| Defendant-Intervenor; | ) ) ) | |
| NORTHWEST MINING ASSOCIATION, | ) ) | |
| Defendant-Intervenor; and | ) ) ) | |
| URANIUM ONE, INC., | ) ) | |
| Defendant-Intervenor. | ) ) | |

Defendant-Intervenor Uranium One U.S.A., Inc., ("Uranium One") does not object to the substance of the proposed settlement between Plaintiffs and the Federal Defendants, which imposes no obligations or duties upon Uranium One.  However, Uranium One is concerned about the provision for retention of jurisdiction by the Court and the possible prejudicial effect of this provision on Uranium One, and objects to that provision for the reasons stated herein.

## BACKGROUND

Litigation of this case to date has reflected an ongoing tension between efficient use of party and judicial resources and preservation of the parties' rights and arguments.  The Court quite reasonably deferred resolution of a discovery dispute between Plaintiffs and the Federal Defendants pending resolution of threshold jurisdictional challenges to Plaintiffs' suit.  Dckt #89.  Then, as a result of the Secretary of Interior's July 21, 2009 Segregation Order, the parties realized that much of Plaintiffs' case had been mooted as a practical matter, resulting in dismissal without prejudice of Counts I-II of the Supplemental Complaint.  Dckt ## 94, 97.

The remaining Counts focus on challenges to the validity of specific mining claims and alleged "approvals" held by Uranium One and Defendant-Intervenor Quaterra Alaska ("Quaterra").  Both the Plaintiffs and Federal Defendants perceived that continued litigation of these Counts might not be worth the costs and risks in light of the Segregation Order, and negotiated a settlement in principle that would obviate the need for continued litigation while preserving Plaintiffs' option to refile their claims if field activities on the subject claims reached a level that Plaintiffs felt compelled to challenge.  Dckt #100.  The deadline for jurisdictional briefing was postponed twice to allow the parties to the settlement to secure the necessary approvals.  Dckt ## 99, 101.

On December 9, 2009, the Federal Defendants circulated to the Intervenors the proposed final version of the settlement agreement and motion to dismiss, which disclosed for the first time a new provision providing for retention of jurisdiction by the Court.  This provision caused significant concern among the Intervenors, because to *retain* jurisdiction a federal court must *have* jurisdiction, both as to the underlying claims and in the exercise of its discretion over the settlement agreement.  *Kokkonnen v. Guardian Life Ins.* 511 U.S. 375, 377, 381-82 (1994).  It is always plaintiffs' burden to establish jurisdiction.  *Id.* at 377.  And, as the Court noted in its July 13, 2009 Order, assurance of jurisdiction is an ongoing obligation of the Court, magnified by the settling parties' request that the Court retain jurisdiction for at least the next 18 months.  Order at 6 [Dckt #89].

Given the extensive jurisdictional defects present in Plaintiffs' suit, Uranium One is concerned that if it fails to presently object to retention of jurisdiction by the Court, it could in the future be held to have waived one or more arguments in the event the case is re-filed. Consequently, Uranium One briefly articulates those of its jurisdictional arguments that do not require discovery to advance or defend, and requests that the Court either reject retention of jurisdiction, or, at a minimum, preserve Uranium One's rights to raise the arguments in any future suit bringing the same or similar claims.

## ARGUMENT

### I.  Plaintiffs Lack Article III Standing

In its July 13, 2009 Order, the Court noted that Plaintiffs are entitled to take discovery on Article III jurisdiction, including standing and mootness.  *Id.* at 4 [Dkt #89].  While this may be true of certain Article III requirements that turn upon facts not within Plaintiffs' knowledge, discovery is not essential to the threshold requirement that Plaintiffs articulate a sufficiently

concrete nexus between their interests and the actions challenged in their pleadings.

To satisfy the "case or controversy" requirement of Article III of the U.S. Constitution, a plaintiff must allege "such a personal stake in the outcome of the controversy as to warrant *his* invocation of federal-court jurisdiction." *Summers v. Earth Island Inst.*, 555 U.S. ____, 129 S. Ct. 1142, 1149 (2009) (citations omitted) (emphasis in original). A plaintiff seeking injunctive relief "must show that he is under threat of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to the challenged action of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." *Id*. When the plaintiff challenges an action (or inaction) by the government, but the plaintiff is not the object of the action (or inaction), standing is "substantially more difficult" to establish." *Id*.

Where an environmental organization seeks to establish the standing of its members, it must demonstrate that the alleged harm affects their personal interests, such as recreational or aesthetic interests. *See id*. It is not enough to allege a mere procedural harm; a plaintiff alleging a deprivation of a procedural right must demonstrate some concrete interest that is affected by the deprivation. *Id*. at 1151. Thus, an organization must show, through "specific facts," that one or more of its members will be directly affected by the alleged violation of the law. *Id*. at 1151-52. Perhaps most importantly for this case, an organizational plaintiff must show that its members "'use the area affected by the challenged activity and not an area roughly in the vicinity of' a project site." *Id*. at 1152 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 556 (1992)). In addition, after the Supreme Court's recent decision in *Summers*, an organization arguably must identify individual members who will be affected. *See id*.

Here, the Plaintiffs' Supplemental Complaint contains only a bare allegation about their "members'" enjoyment of a large swath of land:

> Plaintiffs' members use and enjoy the federal lands that are located north and south of Grand Canyon National Park, including the lands that are within the areas of the required mineral withdrawal, and more specifically including the lands that Defendants have or will authorize(ed) or allowe(ed) uranium drilling and exploration. Plaintiffs' members use and enjoy these federal lands for hiking, fishing, hunting, camping, photographing scenery and wildlife, and engaging in other vocational, scientific, and recreational activities. Plaintiffs' members derive recreational, inspirational, religious, scientific, educational, and aesthetic benefit from their activities within these federal lands. Plaintiffs' members intend to continue to use and enjoy these federal lands frequently and on an ongoing basis in the future, including this summer and fall. Plaintiffs also have a procedural interest in the proper management of these federal lands that is in full compliance with mandatory public land and environmental laws and regulations.

Supp. Compl. ¶ 8 [Dckt #84].

Plaintiffs' vague assertions about their use of "federal lands that are located north and south of Grand Canyon National Park" does not come close to satisfying the requirements of *Summers*. Plaintiffs assert that the land at issue in the full Complaint is over *one million* acres in size, with more than 1,100 uranium mining claims. Supp. Compl. ¶¶ 14-15. But the counts for which the Federal Defendants and the Plaintiffs seek the Court's continuing jurisdiction—Counts Three and Four—seek to challenge a *single* June 27, 2008 BLM "authoriz[ation] or allow[ance]" of Uranium One exploration (as well as a small number Quaterra claims), without any identification of the specific activities or locations being challenged. Plaintiffs do not allege that they, or any of their individual members, have ever visited, or intend to visit, the land on or near the Uranium One activities associated with June 27, 2008 alleged authorization, which by law cannot exceed five acres. *See* 43 C.F.R. § 3809.21(a); Supp. Compl. ¶ 24. Nor do Plaintiffs make any attempt to articulate *how* Uranium One's activities would injure Plaintiffs' articulated interests. Plaintiffs' vague allegations that they enjoy "federal lands" spanning more than one

million acres amount to nothing more than an allegation that they use an area "roughly in the vicinity" of the challenged project site. *Summers* makes clear that such vague allegations are not sufficient to establish standing. *Summers*, 129 S. Ct. at 1152. This is not a question of the factual accuracy of Plaintiffs' allegations; even assuming all facts in Plaintiffs' favor, they have failed to allege facts sufficient to give rise to Article III standing.

Notably the allegations in this case are strikingly similar to the allegations in another seminal standing decision, *Lujan v. National Wildlife Federation*. In *Lujan*, the Supreme Court held that affidavits filed by the plaintiffs were insufficient to establish standing in a case challenging the BLM's land withdrawal policies under FLPMA and NEPA because the plaintiffs did not satisfy the requirements contained in § 702 of the Administrative Procedure Act ("APA"). *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990) (construing 5 U.S.C. § 702). A plaintiff bringing suit under the APA must identify some "agency action" and show that the plaintiff has "suffered legal wrong" or is "adversely affected or aggrieved" by the action. *Lujan*, 497 U.S. at 882; 5 U.S.C. § 702. In *Lujan*, one affidavit filed by a member of the plaintiff environmental organization stated that the member used federal lands "in the vicinity of the South Pass-Green Mountain area of Wyoming." *Id*. at 888. The Court concluded that the affidavit was inadequate because the requirements of § 702 are "not satisfied by averments which state only that one of respondent's members uses unspecified portions of an immense tract of territory, on some portions of which mining activity has occurred or probably will occur by virtue of the governmental action." *Id*. at 889. Another member claimed use of the land "in the vicinity of Grand Canyon National Park, the Arizona Strip (Kanab Plateau), and the Kaibab National Forest." *Id*. at 886. The Court found the second member's affidavit inadequate for vagueness for the same reasons as the first.

For these reasons, and without the need for discovery, Counts III and IV are so plainly deficient as a matter of the law that the Court should not retain jurisdiction as requested by the settling parties.

## II. The Challenged Actions Do Not Constitute Final Agency Action or Major Federal Action Under the Administrative Procedure Act

Uranium One joins the arguments raised by Quaterra in Sections IIIA to IIIC of Quaterra's concurrently filed Objections to Plaintiffs' and the Federal Defendants' Joint Motion for Dismissal and the Stipulated Settlement Agreement, and by Defendant-Intervenor Northwest Mining Association in Section III of Northwest Mining Association's Response to Joint Motion for Dismissal.

Dated this 4th day of January, 2010.

Dorsey & Whitney LLP


By:  /s/ Michael Drysdale
    Michael Drysdale
    drysdale.michael@dorsey.com
    Suite 1500, 50 South Sixth Street
    Minneapolis, MN 55402-1498


By: /s/ Lisa Anne Smith
    Lisa Anne Smith
    2525 E. Broadway Blvd., Suite 200
    Tucson, AZ 85716-5300

    Attorneys for Defendant-Intervenor
    Uranium One U.S.A., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on January 4, 2010, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Marc D. Fink
Center for Biological Diversity
4515 Robinson Street
Duluth, MN  55804

Neil Levine
Grand Canyon Trust
2539 Eliot Street
Denver, CO  80211

Roger Flynn
Western Mining Action Project
P.O. Box 349
440 Main Street #2
Lyons, CO  80540

William George Klain
Lang & Baker PLC
8767 E. Via de Commercio, Suite 102
Scottsdale, AZ  85258

Constance E. Brooks
CE Brooks & Associates, P.C.
303 E. 17th Avenue, Suite 650
Denver, CO  80203

Michael B. Marinovich
CE Brooks & Associates, P.C.
303 E. 17th Avenue, Suite 650
Denver, CO  80203

Steven James Lechner
Mountain States Legal Foundation
2596 S. Lewis Way
Lakewood, CO  80227

William Perry Pendley
Mountain States Legal Foundation
2596 S. Lewis Way
Lakewood, CO  80227

Stacey Stoller
U.S. Department of Justice
Environment and Natural Resources Division
Law and Policy Section
P.O. Box 4390
Ben Franklin Station
Washington, DC  20044-4390


/s/ Rhonda Letzkus


I:\FILES\DOCS\URAN02\281446\PLDG\JN1286.DOC