IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Center for Biological Diversity; Grand Canyon Trust; and Sierra Club,<br><br>    Plaintiffs,<br><br>vs.<br><br>Ken Salazar, Secretary of the Interior; United States Department of the Interior; United States Bureau of Land Management,<br><br>    Defendants,<br><br>and<br><br>Quaterra Alaska, Inc.; Northwest Mining Association; and Uranium One U.S.A., Inc.,<br><br>    Defendant-Intervenors. | No. CV-08-8117-PCT-NVW<br><br>**ORDER** |

On September 29, 2008, Plaintiffs Center for Biological Diversity, Grand Canyon Trust, and Sierra Club filed a Complaint (doc. # 1) against the Secretary of the Interior, the United States Department of the Interior, and the United States Bureau of Land Management (collectively "the Federal Defendants"), seeking declaratory and injunctive relief. Claims 1 and 2 of the Complaint challenged the Federal Defendants' failure to withdraw more than one million acres of federal lands near Grand Canyon National Park (an area known generally as the "Arizona Strip") from location and entry under United

States mining laws as directed by a June 25, 2008 Emergency Resolution of the United States House of Representatives' Committee on Natural Resources. Claims 3 and 4, which were supplemented by Plaintiffs' Supplemental Complaint (doc. # 84) on June 8, 2009, challenge the Federal Defendants' authorization of uranium exploration projects and activities in the Arizona Strip.

On January 16, 2009, the Court allowed Quaterra Alaska, Inc., Northwest Mining Association, and Uranium One U.S.A., Inc. (collectively "Defendant-Intervenors") to intervene based on their uranium mining claims in the Arizona Strip. (Doc. # 44). Subsequently, Plaintiffs sought unconditional voluntary dismissal of Claims 1 and 2 without prejudice, which the Court granted on October 8, 2009. Now pending is a Joint Motion for Dismissal of Claims 3 and 4 due to Settlement (doc. # 102), by which Plaintiffs and the Federal Defendants (the "Settling Parties") seek dismissal of Claims 3 and 4 without prejudice, contingent on the Court's retaining jurisdiction to enforce their Settlement Agreement (doc. # 103). Defendant-Intervenors object to the contingency primarily on the ground that the Court lacks subject matter jurisdiction and therefore may not retain jurisdiction. (Doc. ## 104, 105, 106).

The Settlement Agreement requires that the Bureau of Land Management give certain notices to Plaintiffs within certain times if it receives any new mining notices or modifications to any existing notices or any new plans of operations or modifications of existing plans of operations or it discovers evidence that exploration activities are occurring in certain BLM case file numbers. (Doc. # 103). For the following reasons, the Court declines to retain jurisdiction to enforce the Settlement Agreement.

Certain threshold considerations weigh against assuming jurisdiction to enforce the Settlement Agreement. It would require a determination of the Court's power to retain jurisdiction over the Settlement Agreement, which may include resolution of several issues of subject matter jurisdiction over the underlying case. These issues include Plaintiffs' standing to bring their claims and Defendant-Intervenors' standing to object to

1  the Settlement Agreement.  These and any other questions would be resolved if necessary
2  to a prudent exercise of discretion, but prudence does not so dictate, as elaborated below.
3        It is unwise and largely unnecessary for the Court to involve itself in an agreement
4  between Plaintiffs and government officers.  If the notice terms are otherwise legally
5  enforceable in some practical way, then relief may be sought in a court of competent
6  jurisdiction and this Court need not retain jurisdiction.  But the practical consequences of
7  a breach of the Settlement Agreement, and this Court's power to remedy such a breach,
8  are far from clear.  It is not apparent what remedy this Court could apply for a breach of
9  these notice requirements.  Injunctive or coercive relief would mean little, for it could not
10 be sought unless Plaintiffs were aware of a failure to give notice–which is a self-healing
11 wound.  Would relief extend to invalidating agency action that is otherwise lawful?
12 Including agency action affecting the rights and interests of third parties?  That would be
13 problematic at a minimum and may very well be unlawful.  If the Court cannot supply a
14 meaningful remedy, it is unwise to retain jurisdiction to intrude into irremediable conduct.
15 At a minimum, the Settling Parties ask this Court to sign at the bottom of a blank page of
16 remedies and consequences to be filled in later.  That would be a poor exercise of
17 discretion and judgment.
18       Finally, even without blank endorsement of unknown and possibly empty judicial
19 remedies, Plaintiffs have substantial benefit from their Settlement Agreement.  It is the
20 commitment of government officers, upon which our government operates and upon
21 which people may usually rely with confidence.  Judicial supervision touches only the
22 thinnest surface of the great quantum of government action, and people must rely for the
23 most part upon the integrity of government officers in carrying out their duty.
24       Therefore, in its discretion, this Court declines to retain jurisdiction to enforce the
25 Settlement Agreement.  If the Settling Parties wish to move for voluntary dismissal of
26 Claims 3 and 4 without the contingency, they may do so within the time permitted below.
27       IT IS THEREFORE ORDERED that the Settling Parties' Joint Motion for
28 Dismissal of Claims 3 and 4 (doc. # 102) is denied to the extent it is contingent on the

Court's retaining jurisdiction to enforce the Settlement Agreement.

IT IS FURTHER ORDERED that the Settling Parties may remove their contingency and file an amended motion for voluntary dismissal by no later than February 19, 2010.

IT IS FURTHER ORDERED that, absent a voluntary dismissal of Claims 3 and 4 by February 19, 2010, the parties shall proceed with jurisdictional motions to dismiss Claims 3 and 4 on the following briefing schedule:

–March 19, 2010: Government and/or Intervenors' motions and appropriate briefs concerning subject matter jurisdiction and failure to state a claim as to Claims 3 and 4 is due.

–April 19, 2010: Plaintiffs' response briefs are due.

–May 1, 2010: Government and/or Intervenors' reply briefs are due.

DATED this 21st day of January, 2010.

_____
Neil V. Wake
United States District Judge